UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,      :
                              :      25-CR-54 (RPK)
        v.                     :
                              :      February 13, 2025
WEIHONG HU,                    :
                              :      Brooklyn, New York
            Defendant.         :
                              :
------------------------------X

        TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
            BEFORE THE HONORABLE JAMES R. CHO
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:
For the Government:            BREON PEACE, ESQ.
                               U.S. ATTORNEY
                               BY: ERIC SILVERBERG, ESQ.
                                   MEREDITH ARFA, ESQ.
                               ASSISTANT U.S. ATTORNEYS
                               271 Cadman Plaza East
                               Brooklyn, New York  11201


For the Defendant:             ANDREA ZELLAN, ESQ.
                               Brafman & Associates, P.C.
                               256 Fifth Avenue, 2nd Floor
                               New York, NY 10001




Court Transcriber:             ARIA SERVICES, INC.
                               c/o Elizabeth Barron
                               274 Hovey Road
                               Milo, ME 04463
                               Aria@leinen.net




Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1           THE CLERK:  Criminal cause for arraignment

2    on the indictment, U.S.A. v. Weihong Hu, case number

3    25-CR-54.

4           We do have the assistance of a Mandarin

5    interpreter, I think previously sworn.  Let me just

6    swear you.

7           (Interpreter is sworn.)

8           THE CLERK:  Your name for the record.

9           THE INTERPRETER:  Good afternoon, your

10   Honor.  Mandarin interpreter Tuo, T-u-o, Huang, H-u-a-

11   n-g.

12           THE CLERK:  Thank you very much, Mr. Huang.

13           Counsel, your name for the record.  For the

14   government?

15           MS. ARFA:  Good afternoon, your Honor.

16   Meredith Arfa for the government.  With me is AUSA Eric

17   Silverberg.

18           THE CLERK:  Thank you.

19           And for Ms. Hu.

20           MS. ZELLAN:  Andrea Zellan for the defendant

21   Weihong Hu.

22           THE CLERK:  Thank you.

23           THE COURT:  All right, good afternoon,

24   everyone.

25           To confirm, are you Weihong Hu?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  Now, the purpose of

3     today's proceeding is to make sure you understand your

4     rights, what you are charged with, and to determine

5     whether you should be released on bail or held in jail.

6     You have the right to remain silent.  You're not

7     required to make any statement.  If you've made a

8     statement, you need not say anything more.  If you

9     start to make a statement in the future, you can stop

10    at any time.  Any statement you make may be used

11    against you.  You also have a right to a lawyer.  If

12    you can't afford one, the Court will appoint one for

13    you.

14          You have been charged by a grand jury with

15    the following counts:  Count 1, wire fraud conspiracy;

16    Count 2, honest services wire fraud; Count 3,

17    conspiracy to violate the Travel Act with overt acts;

18    Count 4, use of facility or interstate facilities in

19    aid of bribery; Count 5, money laundering conspiracy,

20    and there are forfeiture allegations as well.

21          Ms. Hu, have you received a copy of this

22    indictment or has your attorney explained it to you?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Ms. Hu, have you had a chance to

25    discuss these charges with your lawyer?

1           THE DEFENDANT:  Yes.

2           THE COURT:  Ms. Hu, do you understand the

3    nature of the charges against you?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Ms. Zellan, does your client

6    want the charges read aloud or does she waive reading?

7           MS. ZELLAN:  Your Honor, we waive the

8    reading and enter a plea of not guilty on all counts.

9           THE COURT:  Okay, understood.

10          Let me turn to the government.  Do we need

11   consular notification for this defendant?

12          MS. JOHNSON:  No, your Honor.

13          THE COURT:  All right.  Let me give the

14   government some warnings.  Pursuant to Federal Rule of

15   Criminal Procedure 5f, I remind the government of its

16   obligation under Brady v. Maryland and its progeny to

17   disclose to the defense all information known to the

18   government, whether admissible or not, that is

19   favorable to the defendant and material either to guilt

20   or to punishment.  The government must make good-faith

21   efforts to disclose such information to the defense as

22   soon as reasonably possible.  I will be entering an

23   order that more fully describes this obligation and the

24   consequences of failing to meet it, and I direct the

25   government to review and comply with that order.

1          Does the government confirm that it

2    understands its obligations and will fulfil them?

3          MS. ARFA:  Yes, your Honor, the government

4    understands its obligations.  We'll review your Honor's

5    order once it is entered and will comply with its

6    obligations and the order.

7          THE COURT:  Okay, all right.  I understand

8    there's a proposed bail package, is that right?

9          MS. ARFA:  Yes, your Honor.  We have a

10   package on consent.  It provides for a twenty-million-

11   dollar bond secured by two properties, of which the

12   defendant is sole owner, with those properties to be

13   identified and posted by February 27th.  It also

14   provides for two financially responsible suretors, also

15   to be identified by February 27th, as well as standard

16   pretrial conditions.  And there I will note that we

17   already have Ms. Hu's passport.  It was provided

18   earlier today.  And we have agreed to limit travel to

19   the Eastern and Southern Districts.

20         THE COURT:  Okay, all right.  Ms. Zellan,

21   anything else you want to add in terms of the

22   conditions?

23         MS. ZELLAN:  No, your Honor.  I don't expect

24   that Pretrial is recommending anything out of the

25   ordinary.  If there is anything that's out of the usual

1  conditions, I would just want to know what that is.

2              UNIDENTIFIED SPEAKER:  Your Honor, the only

3  special condition that we requested based on the

4  interview with Ms. Hu was mental health evaluation and

5  treatment.

6              MS. ZELLAN:  Understood.  That's acceptable,

7  your Honor.  No further concerns.

8              THE COURT:  Okay.

9              MS. ARFA:  And the government has no

10 objection to that.

11             THE COURT:  All right.  We don't have the

12 pretrial report yet, do we?

13             THE INTERPRETER:  No.

14             THE CLERK:  No.

15             THE INTERPRETER:  They just finished

16 speaking with the son so he was still updating it.

17             THE COURT:  Okay.

18             THE INTERPRETER:  But he did tell me that

19 the only special condition that would be requested was

20 mental health evaluation and treatment.

21             THE COURT:  Okay.  So Pretrial is

22 recommending release?

23             THE INTERPRETER:  Release on the standard

24 conditions with the addition of mental health

25 evaluation and treatment.

1          THE COURT:  All right.  At this time, I'll

2   go ahead and approve the bond as proposed by the

3   parties, in the amount of twenty million dollars.

4          Ms. Hu, you'll be subject to pretrial

5   supervision.  You're to surrender your passport and not

6   obtain any additional travel documents.  You are not to

7   leave the Southern or Eastern Districts of New York,

8   and your lawyer can explain to you what territories

9   that covers.  You're not to have any contact with

10  codefendants or coconspirators, except in the presence

11  of your lawyer, and have no contact with potential

12  victims in this case or witnesses as well.  You are

13  also to undergo evaluation and treatment for any mental

14  health problems as directed by Pretrial Services.

15          I will allow the defendant to have two

16  suretors co-sign by February 27th, 2025 and to identify

17  and post the property by February 27th, 2025 as well.

18          Now let me give you some warnings, Ms. Hu.

19  Under our system, you don't have to put up any money

20  today, okay?  It's only in the event that you violate

21  any terms of your release, the government may come

22  after you to recover the full twenty-million-dollar

23  bond and also to seize the two properties posted in the

24  bond as well, okay?

25          Now, if you fail to come to court as

1 directed, a warrant will be issued for your arrest, and

2 you'll be held without bail until your trial.  If you

3 fail to appear, you may be brought up on charges of

4 bail jumping, which is a separate felony offense.  Even

5 if you're not convicted of the underlying charge, if

6 you're convicted of bail jumping, you could go to jail

7 for that.  If you're convicted of both the underlying

8 charge and of bail jumping, you could receive

9 consecutive jail terms.  If you commit any crimes while

10 out on bail, you'll be subjected to increased

11 punishment.

12          So you are not to threaten or influence the

13 testimony of any witnesses against you.  You could be

14 punished for that as well.  So keep your attorney aware

15 of where you can be reached, appear in court as

16 directed, do not commit any crimes while you're out on

17 bail, and do not influence the testimony of any

18 witnesses against you.

19          Ms. Hu, can you comply with all of those

20 conditions of your release?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Okay.  I will go ahead and

23 approve the bond as proposed by the parties.

24          I understand there's a request to exclude

25 time.

1              MS. ARFA:  Yes, your Honor.  There is a

2    request to exclude time until March 12th, which is when

3    the initial status conference is scheduled before Judge

4    Kovner.  The basis of that request is to afford the

5    parties time to negotiate a protective order, for the

6    government to produce discovery and for the defense to

7    review that discovery, and for the parties to engage in

8    please discussions.

9              THE COURT:  All right.  Ms. Zellan, have you

10   discussed this request with your client?

11             MS. ZELLAN:  Yes, I have, your Honor, and we

12   consent.

13             THE COURT:  Do you believe it's in your

14   client's best interest to exclude time?

15             MS. ZELLAN:  I believe it is in her best

16   interest to exclude time today, your Honor.

17             THE COURT:  All right.  Ms. Hu, let me turn

18   to you.  Have you discussed with your lawyer your

19   request to exclude time?

20             THE DEFENDANT:  Yes.

21             THE COURT:  All right.  And do you know what

22   it means to exclude time?

23             THE DEFENDANT:  I know.

24             THE COURT:  All right.  Ms. Hu, I want you

25   to understand -- I want to make sure you fully

1  understand what you're agreeing to by consenting to

2  this order of excludable delay.  Under the Constitution

3  and laws of the United States, a defendant in a

4  criminal case is entitled to a speedy trial.

5  Specifically, by statute, a trial must begin within 70

6  days of the latter of the unsealing of the indictment

7  or the defendant's first appearance in the district of

8  prosecution.  There are certain periods of time

9  excluded from that 70-day calculation.

10          If the trial does not begin with 70 days,

11  that could form the basis for a motion to dismiss the

12  charges against both of you.  By agreeing to exclude

13  time from today, February 13th, until March 12th, 2025

14  from that 70-day calculation, you are in effect

15  agreeing that the speedy trial clock will not be

16  running at all during that period of time.  Therefore,

17  if I approve this exclusion and you later make a motion

18  to dismiss the charges on the grounds that you had not

19  been brought to trial within 70 days, you would not be

20  permitted to take into account in your calculation the

21  period of time from today, February 13th, to March 12th,

22  2025.

23          Do you understand everything I've just said

24  so far, Ms. Hu?

25          (Ms. Zellan is conferring with the

```
 1   defendant.)
 2              THE DEFENDANT:  Yes, understood.
 3              THE COURT:  All right.  Now, understanding
 4   what I've just said, do you still want me to approve
 5   this order of excludable delay?
 6              THE DEFENDANT:  Thank you, appreciate it.
 7              THE COURT:  I need to know yes or no, do you
 8   still want me to approve this order of excludable
 9   delay?
10              THE DEFENDANT:  Yes.
11              THE COURT:  All right.  Are you making this
12   decision voluntarily and of your own free will?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Have any promises or threats
15   been made to you to get you to agree to this order of
16   excludable delay?
17              THE DEFENDANT:  No.
18              THE COURT:  All right.  I find that the
19   defendant's consent is knowing, intelligent, and
20   voluntary, and that excluding the specified period of
21   time serves the public interest.  I will go ahead and
22   approve the order of excludable delay, all right?
23              Ms. Arfa, anything else for the government
24   today?
25              MS. ARFA:  Yes, your Honor.  I would just
```

```
1   like to put on the record that the government --

2                   UNIDENTIFIED SPEAKER:  Counsel, I believe

3   your mic is not on.

4                   MS. ARFA:  Your Honor -- is that better?

5                   UNIDENTIFIED SPEAKER:  Thank you.

6                   MS. ARFA:  If I could just put on the record

7   that the government has notified one of the victims in

8   the case and has made efforts to notify the second

9   victim.  We have not yet been able to make contact but

10  we will continue those efforts to provide such

11  notification.

12                  THE COURT:  Okay.  Anything else for the

13  government?

14                  MS. ARFA:  Nothing else, thank you, your

15  Honor.

16                  THE COURT:  Ms. Zellan, anything else for

17  the defendant?

18                  MS. ZELLAN:  Not at this time, your Honor.

19  Thank you very much.

20                  THE COURT:  Okay, we are adjourned.  Have a

21  nice day, everyone.

22                  MS. ARFA:  Thank you.

23                       *  *  *  *  *  *

24

25
```

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    March 18, 2025